UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BLACKBERRY CORPORATION and ) <br> CYLANCE INC., d/b/a Blackberry Cylance, ) <br>     ) <br> Plaintiffs, ) <br>     ) <br> v. ) <br>     ) <br> KAYLAN BROWN COULTER, ) <br>     ) <br> Defendant. ) | Case No. 5:22-cv-98 |

**ORDER**
**(Doc. 38)**

The court has received a Stipulated Proposed Protective Order (Doc. 38) but declines to adopt it for several reasons.

The proposed order applies too broadly to all aspects of the civil justice process. (*See id.* ¶ 1 ("This Stipulated Protective Order is applicable to all [parties and persons required to respond to discovery] for the sole purpose of . . . protecting the confidentiality and other interests of the Parties and third parties throughout the course of this Proceeding including, but not limited to, trial.").) It authorizes the redaction by the parties of court filings and trial exhibits. Under the common law and the First Amendment, a presumption of public access applies to "judicial documents," which are documents "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The court recognizes that discovery may require the exchange of sensitive commercial information between the parties – much of which will never be used in court filings or at trial. The case law is clear that there is no public interest in access to civil discovery. Trials, including pre-trial motion practice, are a different matter. These take place in public view and the court

will not enter an order suggesting that the privacy concerns of the parties may result in the wholesale sealing or redaction of court documents without specific authorization from the court. Similarly, the court will not enter an order suggesting that the parties may stipulate to restrictions to access to court proceedings, including trial and other public hearings. The court will discuss some of the specific features of the proposed order.

¶ 3 **The designation process.** As a practical matter, the review and designation of material as confidential is a task entrusted to the junior members of the legal teams. These associates and legal assistants are often motivated by a desire not to make a mistake. Few staff members are criticized for designating too many of the client's documents as "confidential." These designations are rarely reviewed by senior attorneys unless a particular issue arises. As a result, vast amounts of utterly routine records containing the most banal entries may be placed in the confidential pile. The problem is compounded in this case by the choice of several levels of designation. If there is a "super secret" category, some documents must be found to populate it. The court requests that the parties develop a simpler designation process that does not invite over-designation.

¶ 6 **Depositions.** Really? The only way the parties can contemplate managing a sensitive fact is to send lawyers out of the deposition room? The court is not going to be present for any of these depositions, but the "top secret" folderol is farcical.

¶ 7 **Documents produced by third-parties.** The court has the same reaction. This is not a national security case. It concerns allegations that a mid-level executive in a tech company left her employment with "firsthand [knowledge of] what customers liked and did not like about Plaintiffs' products and services, what customers perceived to be strengths and weaknesses of Plaintiffs' products, and Plaintiffs' strategies for addressing such concerns." (Doc. 1-1, ¶ 19.)

2

Paragraph 7 of the protective order consumes a full page, single spaced, and features 6 subparagraphs. It invites misunderstanding and motion practice. The court has little interest in studying and mastering its mazed complexity before signing off on the order.

**¶ 8 Documents Generated During Suit.** Here we draw closer to provisions that are likely to handicap court operations. I write from personal experience. "Documents Generated During Suit" is a bland way of describing motions and motion exhibits—all filed with the federal court through the CM/ECF system. That system has advantages for lawyers and judges alike. Among these is the ability of judges, law clerks, and court staff to work on the same group of documents with confidence that we are all seeing the same thing. The evil of these confidential designations and redactions is that none of us can make full use of the CM/ECF system—our own case management system. Instead, we are placed at the mercy of piles of binders—often arriving in voluminous sets—one set from each side. Having become accustomed to the ease of working cooperatively with an electronic docket, we are forced to maintain libraries of paper files—the so-called "courtesy copies" which are really just the opposite—without any assurance that we all have access to the same papers.

There is a second issue. Court documents "are presumptively public so that federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). There is an extensive body of case law within our Circuit outlining the criteria for withholding court documents from public review. *See, e.g., Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *Amodeo*, 71

F.3d at 1048. Filing redacted exhibits and memoranda without authorization is an improper shortcut to the very serious step of excluding the public from observing judicial decision-making.

The only solution that comes to mind is requiring the parties to limit redactions to the absolute minimum and requiring each proposed redaction to be the subject of a motion, reviewed and signed by the most senior attorney on the team, laying out the reasons for sealing the document in question and explaining how the parties propose to create a complete record of everything submitted for use by the trial court as well as on appeal. The "courtesy copy" of sealed documents should be a very slim volume containing only the crown jewels. A canned motion reciting the same basis for sealing or redacting each document will not be welcomed.

¶ 9 **Restrictions on Use of Confidential Material.** As with Paragraph 1, this paragraph purports to limit the use of documents at trial. It makes specific reference to cross-examination and even seeks to restrict the types of witnesses on the stand who can be shown the document. That is the court's job, not the parties'. The court has no intention of issuing an order that gives either side the ability to control an examination (beyond choosing the questions of its own attorneys) or dictate who can see what in the course of a trial.

¶ 10 **Authorized Users of "Confidential" Material.** The order anticipates that the judge, court staff and the jury may view confidential material "pursuant to a sealing order." (*Id.*, ¶ 10(h).) We have very different expectations about the level of confidentiality a party can expect in a public courtroom. I would add to this list any journalist, court watcher, security officer, and other visitor to the courtroom, including lawyers waiting for other events. Jurors in particular get to see everything admitted into evidence (obviously), and they are free to discuss their experience and what they have learned in court with anyone they like after their service is over. Federal courts are open to public view; court exhibits are routinely displayed on overhead

screens; and anyone who is interested receives full access to everything that is happening in the courtroom except in extremely limited circumstances not relevant here.

¶ ¶ 14, 15 **Disclosure to Unauthorized Persons and Challenging Designation.** As the direction of this order makes clear, the court takes a dim view of the practice of designating a mountain of material as "confidential" and then litigating access. The court anticipates that a re-drafted order will make it clear that a small volume of documents will be truly confidential and that motions regarding disclosure and designation will be rare.

¶ 16 **Use of Confidential Material at Trial.** I rest my case. Parties who desire this level of confidentiality frequently negotiate arbitration agreements. *See Commercial Arbitration Rules and Mediation Procedures*, American Arbitration Association (October 1, 2013), *available at* adr.org/commercial ("The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary."). Parties who come to a court for resolution of their differences should anticipate a public airing of their dispute. The only people who will be sequestered will be witnesses prior to their testimony. There are no other "unauthorized persons" in a public courtroom. All are welcome to attend.

Last, the proposed order circumvents the process for sealing documents set forth in the Local Rules—and the common law right of public access to judicial documents—by attempting to impose blanket restrictions on wide categories of disclosures. Local Rule 5.2 of the District of Vermont governs the procedure for sealing documents. The Rule provides: "Cases or court documents cannot be sealed without a court order. Otherwise, all official files in the court's possession are public documents." D. Vt. Loc. Civ. R. 5.2(a). The procedure for sealing documents is as follows:

In order to seal a document, a party must:
(1) file a separate motion for each document;

5

    (2) place the document in a sealed envelope;

    (3) affix a copy of the document's cover page (with confidential information redacted) to the outside of the envelope; and

    (4) conspicuously mark the envelope with "SEALED DOCUMENT" or the equivalent.

D. Vt. Loc. Civ. R. 52 (b).  As this description indicates, the process is cumbersome and should be reserved for the most sensitive documents.  It is not intended to authorize widespread sealing of multiple documents.

    A showing of good cause is required for the court to order documents sealed. *See* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Uniroyal Chem. Co. Inc. v. Syngenta Crop Prot.*, 224 F.R.D. 53, 56 (D. Conn. 2004) (internal quotation omitted). But the inquiry does not end at a showing of good cause. *See In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 221–23 (S.D.N.Y. 2006). "The common law right of public access to judicial documents gives rise to a rebuttable presumption of public availability, and the weight accorded this presumption 'must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *New England Life Ins. Co. v. Wilson*, No. 2:11-cv-45, 2011 WL 13214116, at *2 (D. Vt. Sep. 28, 2011) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

    The stringent and elaborate procedures suggested in the proposed order usurp the court's obligation to "carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Mariano v. LA Fitness, Inc.*, No. CV 09-1395(LDW)(ETB), 2010 WL 1459383, at *1 (E.D.N.Y. Apr. 13, 2010) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). And the proposed order would sidestep this District's process for sealing documents—reason alone to "warrant denial of

6

a motion." *Mongeon v. KPH Healthcare Servs., Inc.*, No. 2:21-cv-00195, 2022 WL 1978674, at *4 (D. Vt. Jun. 6, 2022) (quoting *Walsh v. Caliber Home Loans, Inc.*, No. 19-CV-08966 (PMH), 2021 WL 124684, at *1 (S.D.N.Y. Jan. 13, 2021)).

## Conclusion

The court requests that the parties to file a narrowly-drawn proposed order within fourteen days. The order should reserve "confidentiality" for the most sensitive documents and recognizes the public nature of this proceeding, including motion practice and trial. The order should be readily comprehensible to a lay person who may be bound by its provisions and should not exceed four pages, double-spaced.

Dated at Rutland, in the District of Vermont, this 8th day of August, 2022.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court