UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BLACKBERRY CORPORATION, AND
CYLANCE INC. (d/b/a BLACKBERRY
CYLANCE),

    Plaintiffs,

v.

KAYLAN BROWN COULTER,

    Defendant.

Docket No. 5:22-cv-98

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in the above-captioned case involving Plaintiffs BlackBerry Corporation and Cylance Inc. (d/b/a BlackBerry Cylance and, collectively, "Plaintiffs") and Defendant Kaylan Brown Coulter ("Defendant") (each a "Party" and collectively, the "Parties"), is likely to involve the disclosures of confidential information, it is hereby ORDERED as follows:

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

1.      **Scope of Use**. All Confidential Material that is produced or exchanged in the course of this case shall be used solely for the purpose of representing Parties in prosecuting or defending this case and may also be used in other cases instituted by Plaintiffs against Defendant's current employer, Sentinel Labs, Inc. a/k/a Sentinel One ("Sentinel") and/or Chris Coulter, for any alleged breach of restrictive covenants, misappropriation of trade secrets and proprietary information, customer and employee solicitation, or any similar claims or actions such as those alleged in the amended complaint in this case, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order. To be clear, Confidential Material that is produced or exchanged in the course of this case may be used in either *BlackBerry Corp., et al. v. Sentinel Labs, Inc. et al.*, Santa Clara County Superior Court, Case No. 20CV391950, and/or *BlackBerry Corp., et al. v. Chris Coulter and Sentinel Labs, Inc.* Vt. Superior Court, Chittenden Unit, No. 953-10-19.

2.      **Designation of Information**. "Confidential Material" means any documents, testimony, discovery responses, or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by a person/entity ("Designating Party") as part of discovery in this case.

The Designating Party may designate as "Confidential" any material that the Party: (i) reasonably believes contains confidential, proprietary, trade secret, or other information that qualifies for protection under Fed. R. Civ. P. 26(c); and (ii) does not disclose to third parties in the ordinary course of a Party's business without restriction. Material designated "Confidential," or extracts, summaries, or information derived therefrom, shall not be disclosed to any person except:

  *a.*    The Parties, and employees or former employees of a corporate Party who are engaged in assisting that Party's attorneys in the conduct of this case or other cases, to the extent reasonably necessary to enable the attorneys for that Party or client to render professional services.

1

Confidential Materials will not be disclosed to an employee or former employee until that employee has signed and delivered to counsel for the Party that is the employer or former employer a statement in the form annexed hereto as Attachment A.

*b.* In-house counsel or outside counsel for any Party engaged in the litigation of this case or other cases and the employees/personnel who work with them.

*c.* An "Independent Expert," after such Independent Expert has signed and delivered to counsel for the Party who provided the Confidential Material to the Independent Expert a statement in the form annexed hereto as Attachment B. "Independent Expert" means an individual expert and/or individual independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who is currently an employee of a Party or of Sentinel cannot be retained or continue to serve as an Independent Expert.

*d.* A Party's outside service-providers regarding document and ESI processing, hosting, review, and production, including any e-Discovery consultants and trial consultants, provided such persons have signed and delivered to counsel for the Party retaining the outside service-provider a statement in the form annexed hereto as Attachment A.

*e.* Court reporters and videographers recording a deposition in this matter.

The Designating Party may designate as "<u>Confidential – Attorneys' Eyes Only</u>" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in paragraphs 2b.-e. could reasonably be expected to result in injury. Material designated as "Confidential – Attorneys' Eyes Only" shall not be accessible or viewed by a Party's General Counsel.

3. **Document Production.** Documents containing Confidential Material, and any copies thereof, shall be designated as such by including a legend of "Confidential" or

"Confidential–Attorneys' Eyes Only" on each page as to which confidentiality is claimed.

With respect to any Confidential Material that is produced as electronically stored information ("ESI") and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party may label the production media "Confidential" or "Confidential—Attorneys' Eyes Only" and/or alter the file name of the native ESI to include "Conf." or "Atty.Only" and shall inform all recipients in writing of the designation at the time that Confidential Material is produced; otherwise, the ESI shall be marked with the appropriate legend.

The inadvertent failure by a Party or third party to designate specific documents or materials as containing Confidential Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each Party, the Parties shall cooperate to restore the confidentiality of the inadvertently disclosed information.

The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to a third party. With respect to any material that is produced or disclosed by a third party without a designation of confidentiality, any Party may designate such material as Confidential Material within thirty (30) days of actual knowledge of its production or disclosure, or such other time as the Parties may agree.

4.  **Depositions**.  A deposition or portion thereof may be designated as Confidential Material by making a confidentiality designation on the record during the deposition or by denominating by page and line those portions which are to be considered Confidential Material within seven (7) days of receiving the transcript and exhibits and so informing all Parties of the designation. Until the 7-day period has passed, the deposition transcript shall be treated as "Confidential—Attorneys' Eyes Only." If testimony is orally designated as Confidential Material during a deposition, the court reporter shall transcribe the pages so designated in a separate volume.

3

5. **Exercise of Restraint and Care in Designating Material.** Mass, indiscriminate, or routinized designations are prohibited.

6. **Documents Generated During Suit.** Each Party shall take reasonable measures to protect the confidentiality and avoid disclosure and unauthorized use of Confidential Material. If Confidential Material or a deposition transcript describing or incorporating Confidential Material is filed with a Court, the filing Party shall file an appropriate motion that complies with Local Rule 5.2 of the District of Vermont and other applicable law.

7. **Challenging Designation.** To the extent a Party disagrees that information designated as Confidential Material should be treated as such, the Party will first confer with the Designating Party regarding the designation. If the objection cannot be resolved by agreement, any Party may move the Court for a determination as to whether the designation is appropriate. The burden of establishing the appropriate level of confidentiality shall be on the Party making the designation. The protection of the Confidential Material afforded by the Protective Order shall continue as originally designated until the Court issues an order on the motion.

8. **Conclusion of Case.** Upon termination of this case, whether through settlement or final judgment, including exhaustion of all appeals, the originals and copies of Confidential Material shall be either destroyed or returned to the producing party within sixty (60) days, with a written certification of such destruction or deletion provided to the Designating Party.

9. **Modification.** This Order may be modified or amended either by written agreement of the Parties submitted to the Court for approval or by order of the Court upon good cause shown.

Submitted by the parties per the Court's September 9, 2022 message regarding the parties' cross-motions.

Burlington, Vermont                                   October 11, 2022

/s/ Evan J. O'Brien
Tristram J. Coffin
Evan J. O'Brien
Monica H. Allard
Downs Rachlin Martin, PLLC
199 Main Street, P.O. Box 190
Burlington, VT 05402-0190
Telephone: 802-863-2375
tcoffin@drm.com
eobrien@drm.com
mallard@drm.com

ATTORNEYS FOR PLAINTIFFS
BLACKBERRY CORPORATION
AND CYLANCE INC. (D/B/A
BLACKBERRY CYLANCE)

Burlington, Vermont                                   October 11, 2022

/s/ Eric D. Jones
Eric D. Jones
Matthew A. Zidovsky
Justin G. Sherman
Langrock Sperry & Wool
PO Box 721, 210 College Street
Burlington, VT 05402
ejones@langrock.com
mzidovsky@langrock.com
jsherman@langrock.com
Phone: 802-864-0217

ATTORNEYS FOR DEFENDANT
KAYLAN BROWN COULTER

**SO ORDERED.**

Dated: October 12, 2022

_____
Honorable Geoffrey W. Crawford
United States District Court
District of Vermont

5