UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BLACKBERRY CORPORATION and CYLANCE INC. d/b/a/ BlackBerry Cylance, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KAYLAN BROWN COULTER, | ) ) |
| Defendant. | ) ) |

Case No. 5:22-cv-98

## ENTRY ORDER

After the court heard oral argument on the parties' competing motions to compel (Docs. 55, 70), the court resolved certain of the specific categories of discovery and ordered the parties to meet and confer to resolve others. (*See generally* Doc. 109.) The court also ordered the parties to provide a status update within 28 days to inform the court of their progress and to alert the court if they needed an additional hearing to resolve any lingering discovery disputes. (*Id.* at 8.) The parties informed the court that they have resolved all disputes except for a remaining disagreement about Ms. Coulter's first interrogatory. (Doc. 121 ¶ 5.) Ms. Coulter requests an additional hearing, while Plaintiffs state that a hearing is not needed but request the opportunity to submit briefing. (*Id.*)

The dispute over Ms. Coulter's first interrogatory concerns its scope. The interrogatory asks Plaintiffs to "identify every former Blackberry Cylance employee who resigned . . . [s]ince January 1, 2019." (Doc. 55-9 at 2.) In addition, it seeks certain information about those individual employees and their resignations. (*See id.*) At the hearing on this matter, the court worked with the parties to narrow the scope of the request (*see* Doc. 110 at 27–38) and ultimately ordered that the scope be narrowed to "those business units comprising its

cybersecurity operations in North America" but ordered the parties to meet and confer about narrowing the information further based on the parties' representations to the court at the hearing (Doc. 109 at 4). The parties provided the court with their correspondence about this interrogatory, which demonstrates that Ms. Coulter agreed to narrow the interrogatory to the cybersecurity operations in North America (as the court directed), to the time period from January 1, 2019 to December 31, 2020, and to eliminate certain sub-parts of the interrogatory.[1] (Doc. 121-1 at 3–4.) Plaintiffs responded that this was still unacceptable because, even as narrowed, it would yield 663 former employees in response to Ms. Coulter's interrogatory. (*Id.*) According to Plaintiffs this is "a veritable directory of personal/protected information" and was "not the kind of 'reasonable sampling' that" the court expected. (*Id.* at 3.) Plaintiffs also dispute that Ms. Coulter will have a selective-enforcement defense, fault Ms. Coulter for not articulating the defense during the meet-and-confer, and argue that 663 people is not a relevant comparator group. (*Id.*)

The court elects to rule on the papers and does not invite either an additional hearing or additional briefing. As to Plaintiffs' objection that this information concerns "personal/protected information," the court remains unconvinced. (*See* Doc. 110 at 34.) The court entered a protective order in this case. (Doc. 51.) "[T]here is no rigid rule prohibiting discovery of employee personnel files" and "in most cases, a protective order can appropriately remedy privacy concerns arising" from their disclosure. *Barella v. Village of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y. 2013) (cleaned up; internal quotation marks omitted); *accord Diaz v. Loc. 338 of the Retail, Wholesale Dep't Store Union*, No. 13-CV-7187, 2014 WL 4384712, at *3 (E.D.N.Y.

---

[1] It appears that Ms. Coulter agreed to eliminate subparts (e) and (f), while Plaintiffs understood the compromise to be the elimination of subparts (e)–(g). (Doc. 121-1 at 3–4.) But, because the court itself narrows the scope further, this minute difference is not material.

Sept. 3, 2014) (collecting cases). Plaintiffs have not articulated how the protective order already in place here is inadequate to protect the privacy concerns implicated by the disclosure of personnel records.

As to the scope, the court will narrow the interrogatory as follows: former employees in the business units comprising Plaintiffs' cybersecurity operations in North America who resigned (or were otherwise terminated) between January 1, 2019 and December 31, 2020. The court further narrows the interrogatory to include only subparts (a), (b), and (d). (*See* Doc. 55-9 at 2.) To the extent that Plaintiffs' concern is that Ms. Coulter will seek to depose hundreds of former employees, increasing the burden and expense of discovery, that is something the court can address if it becomes an issue.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of April, 2023.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court